UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 12-cr-20332

v                                              Honorable Thomas L. Ludington

MOSES LEROY MITCHELL,

        Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND WITHOUT PREJUDICE**

On May 16, 2012, Moses Leroy Mitchell and two co-defendants were charged with several crimes related to a string of bank robberies that occurred in early 2012. After entering a guilty plea to Counts 9 and 11 of the Indictment, Mitchell moved to withdraw the plea. The Court denied Mitchell's motion to withdraw, and sentenced Mitchell to 35 years' imprisonment.

Mitchell appealed the Court's decision denying his motion to withdraw his guilty plea to the United States 6th Circuit Court of Appeals. On appeal, Mitchell claims, *inter alia*, that the Court did not accept his guilty plea to Count 11. As a result, the Government filed a motion in this Court to amend its Order Adopting the Report and Recommendation and Accepting the Guilty Plea. However, because Mitchell has appealed to the Sixth Circuit, this Court will deny the Government's motion to amend without prejudice.

**I**

On May 15, 2012, a grand jury indicted Mitchell on eleven counts: (1) Conspiracy to Commit Bank Robbery; (2) Aiding and Abetting, 18 U.S.C. § 2, and Armed Bank Robbery, 18 U.S.C. § 2113(a),(d); (3) Aiding and Abetting, 18 U.S.C. § 2, and Using or Carrying a Firearm

During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c); (4) Aiding and Abetting, 18 U.S.C. § 2, and Armed Bank Robbery, 18 U.S.C. § 2113(a), (d); (5) Aiding and Abetting, 18 U.S.C. § 2, and Using or Carrying a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c); (6) Armed Bank Robbery, 18 U.S.C. § 2113(a), (d); (7) Using or Carrying a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c); (8) Armed Bank Robbery, 18 U.S.C. § 2113(a), (d); **(9) Using or Carrying a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c); (10) Armed Bank Robbery, 18 U.S.C. § 2113(a), (d); (11) Using or Carrying a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c)**. Indictment 1-9, ECF No. 28 (emphasis added). The counts at issue in the present motion are Counts 9, 10, and 11.

**A**

Some courts have concluded that a magistrate judge may accept a defendant's guilty plea in a felony case pursuant to 28 U.S.C. § 636(b)(3) after conducting the Rule 11 plea colloquy. *United States v. Brumer*, 528 F.3d 157, 160 (2d Cir. 2008); *Benton*, 523 F.3d 424, 430-31 (4th Cir. 2008); *United States v. Salas-Garcia*, 698 F.3d 1242, 1253 (10th Cir. 2012); *United States v. Woodard*, 387 F.3d 1329, 1333 (11th Cir. 2004). Because of the the absence of Sixth Circuit authority, however, this Court takes the approach advocated by the Fifth, Eighth, and Ninth Circuits; i.e., this Court refers the case to a magistrate judge to conduct plea hearings and issue a report and recommendation pursuant to 28 U.S.C. § 636(b).

Accordingly, on November 29, 2012, the Court referred the case to United States Magistrate Judge Binder to conduct a plea hearing and issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(3). Order Referring Other Matters, ECF 60.

**B**

On December 20, 2012, Mitchell filed a Rule 11 plea agreement in which he agreed to plead guilty to Counts 9 and 11 of the indictment, Using or Carrying a Firearm During and in Relation to a Crime of Violence (18 U.S.C. § 924(c)). Plea Agreement, ECF No. 70. That same day, the magistrate judge conducted a plea hearing, during which Mitchell orally pleaded guilty to Counts 9 and 11 of the indictment:

| | |
|---|---|
| Magistrate: | [S]o with all of that in mind, I ask you, first, how you plead to the charge in Count Nine of using and carrying a firearm in relation to a crime of violence, specifically a—a bank robbery. How do you plead to that charge, sir? |
| Mitchell: | Guilty. |
| Magistrate: | All right. Now, as to Count Eleven, which is a different day but the same alleged crime, how do you plead to the charge? |
| Mitchell: | Guilty. |
| Magistrate: | Do you understand the two pleas you're making, sir? |
| Mitchell: | Yes, sir. |
| Magistrate: | Are you making them voluntarily? |
| Mitchell: | Yes, sir. |
| Magistrate: | I find from the defendant's answers and his demeanor here today that he is indeed competent to tender a plea. I find similarly that the defendant's plea is knowing, it is intelligently made, and made after the consultation with counsel. |

Dec. 20, 2012 Transcript at 28-29, ECF No. 77. Accordingly, the Magistrate Judge issued a report recommending that "Defendant's pleas be accepted, Defendant be adjudged guilty and the Court impose sentence." Rep. & Rec. 2, ECF No. 72. The report cautioned that the parties had 14 days to serve and file specific written objections to the proposed findings and recommendations.

*Id*. The report further warned that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." *Id*. Neither party filed objections to the report and recommendation.

On January 7, 2013, this Court issued an order titled "Order Adopting Report and Recommendation, Accepting Guilty Plea and Taking Rule 11 Plea Agreement under Advisement". ECF No. 74. The Order adopted the Magistrate Judge's report and recommendation that Mitchell's pleas to Counts 9 and 11 be accepted but mistakenly referred "to **counts 9 and 10** of the indictment." *Id*. at 3 (emphasis added). This typographical error is the only mistaken reference to Count 10 on this Court's docket.

At the scheduled sentencing on May 23, 2013, Mitchell moved to withdraw his plea to Counts Nine and 11, Using or Carrying a Firearm During and in Relation to a Crime of Violence. During the hearing, the Court summarized the charges that Mitchell had apparently pleaded guilty to:

> Court: The record reflects the fact that Mr. Mitchell is present as a result of having entered a guilty plea on December the 20th of 2012. We later accepted the guilty plea on report and recommendation on January the 7th. He entered his guilty plea to two counts in the indictment, Count 9 and 11, charging him with the offenses of using or carrying a firearm during or in relationship to a crime of violence.

May 23, 2013 Transcript at 5, ECF No. 97. Indeed, the parties noted that they had reviewed the Presentence Investigation Report and had no suggested additions:

> Court: After [Mitchell] entered his guilty plea, he was interviewed by Probation Officer Burns who in turn prepared a pre-sentence investigation report. It was dated February the 5th. I note no revisions. [Defense counsel], my understanding is that you have had a chance to review the report with Mr. Mitchell, is that true?
>
> Counsel: That is true, your Honor. I did review—I met with Mr. Mitchell and went over it.

| | |
|---|---|
| Court: | Any additions or corrections to the report today that you would have recently noted? |
| Counsel: | Your Honor, I – I have no additions, deletions or corrections with respect to the report. |

*Id*. at 5-6.

Defense counsel then alerted the Court that Mitchell was seeking to withdraw his guilty plea:

| | |
|---|---|
| Counsel: | If I may, your Honor, Mr. Mitchell has advised me that he wishes to withdraw his plea at this time. It's his claim that he did not make an informed decision when he and I had the numerous discussions that we've had relative to the plea in this case as it relates to indictment, charges in the indictment, as well as the guidelines as applied to him. Mr. Mitchell and I have had a number of conversations with respect to the – allegations to which he pled – plead guilty. In any event, he has asked and I make this request that the Court permit him to withdraw his plea and that the matter go forward to trial. |

*Id*. at 7-8.

Later in the hearing, in trying to determine if Mitchell was asserting his innocence, the Court asked Mitchell whether he was responsible for Counts Nine and Eleven of the Indictment:

| | |
|---|---|
| Court: | You agree, consistent with your guilty plea, that you are responsible for the two counts of use of carrying—excuse me—of carrying a firearm during the commission of a crime of violence? |
| Mitchell: | I don't – I disagree on everything. I don't even understand none of this. I mean the whole time, I just been sitting here shaking my head saying, I agree, I agree, but I don't understand what's going on. I never did. I just feel like I was – I was just trying to – trying to see what helps you, just to get this over with so you can move on to the next and actually, I just don't understand any of this at all. I just don't. |

*Id*. at 10.

The Court adjourned the sentencing hearing to review the transcript of the hearing before the magistrate judge and then issued an order denying Mitchell's motion to withdraw his guilty

- 5 -

plea on June 12, 2013. ECF No. 88. In the order, the Court noted that "Mitchell also entered into a plea agreement with the government. In exchange for pleading guilty to two counts of using or carrying a firearm during and in relation to a crime of violence (counts 9 and 11 of the indictment), the government agreed to dismiss the remaining counts." *Id.* at 2. The Court denied Mitchell's motion because, among other things, Mitchell did not promptly move to withdraw the plea, did not assert his innocence, and granting the motion would prejudice the government.

At the rescheduled sentencing hearing on June 18, 2013, the Court noted that Mitchell "entered his plea to Count 9 of the indictment, charging him with use or carrying of a firearm during or in relationship to a crime of violence; and to Count 11, charging him with the same offense." June 18, 2013 Transcript at 5, ECF No. 98. The Court sentenced Mitchell to "a term of 10 years for Count 9 and 25 years for Count 11, consecutive to the sentence imposed for Count 9." *Id.* at 17. Consequently, on June 24, 2013, the Court entered judgment against Mitchell, stating that he had "Pleaded guilty to count(s) **9, 11 of the Indictment**." Judgment 1, ECF No. 89 (emphasis original). The Judgment further provided that "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **ten years for Count 9, consecutive, and 25 years for Count 11, consecutive.**" *Id*. at 2 (emphasis original).

In sum, it appears from a review of the docket that the Court and the parties repeatedly referred to Mitchell's guilty plea as to Count 11. The only instance to the contrary was the typographical error in the Court's January 7, 2013 Order.

C

Following entry of judgment, on June 25, 2013, Mitchell filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit. On appeal, Mitchell challenges the Court's

decision denying his motion to withdraw the guilty plea. He argues, *inter alia*, that this Court did not properly accept his guilty plea as to Count 11. Mitchell emphasizes the Court's January 7, 2013 Order that purports to accept Mitchell's guilty pleas as to Count 9 and 10—but not Count 11.

In response to Mitchell's appellant brief, the Government filed a motion to amend the Court's January 7, 2013 Order pursuant to Federal Rule of Criminal Procedure 36. The Court appointed Mitchell's original trial attorney to represent him on this motion. ECF No. 100.

**II**

Federal Rule of Criminal Procedure 36 provides: "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Cr. P. 36. The Government argues that the Court's January 7, 2013 Order accepting Mitchell's guilty pleas contained a correctable clerical error— the reference to Mitchell's plea being offered as to Count 10 rather than Count 11.

Although Criminal Rule 36 provides that a court may correct a clerical error "at any time", the Sixth Circuit has also held "[a]s a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court. *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993).

Accordingly, it is more appropriate for the appellate court to determine whether a district court's order contains a clerical error: "[i]n a criminal case, if a clerical error is first noticed while a case is on appeal, the appellate court may treat the matter as if it were corrected or it may refer the matter to the district court to make the record conform to the truth." Charles Wright, et al., *Federal Practice and Procedure Criminal* § 641 (4th ed.). A review of the docket clearly indicates that this Court made a mistake in typing the number 10 rather than the number 11 in its

January 7, 2013 Order accepting Mitchell's guilty plea. While this Court may correct its mistake pursuant to Federal Rule of Criminal Procedure 36, given the appeal and Sixth Circuit authority, the Court believes that it would be better to defer to the appellate court to address this issue.

## IV

Accordingly, it is **ORDERED** that the Government's Motion to Correct/Amend (ECF No. 99) is **DENIED WITHOUT PREJUDICE** because this Court lacks jurisdiction over the motion.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 26, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 26, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

---