UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                 Case No. 12-20332-01

v.                                              Honorable Thomas L. Ludington

MOSES LEROY MITCHELL,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE**

On May 16, 2012, Defendant was indicted by a grand jury on one count of conspiracy to commit bank robbery, two counts of aiding and abetting armed bank robbery, two counts of aiding and abetting using or carrying a firearm during and in relation to a crime of violence, two counts of armed bank robbery, and one count of using or carrying a firearm during and in relation to a crime of violence. ECF No. 28. Defendant pled guilty to two counts of using or carrying a firearm during and in relation to a crime of violence. ECF No. 89. He was sentenced to a term of incarceration for ten years for one count and 25 years for the second count, to be served consecutively. *Id.* This Court also recommended that he be placed in a facility with a comprehensive drug treatment program. *Id.* On June 7, 2016 Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied on February 28, 2017. ECF Nos. 118, 152. He is currently housed in Beckley FCI.

On October 27, 2020 Defendant filed a motion for compassionate release. ECF No. 179. A few weeks later he submitted a duplicate of his initial motion. ECF No. 181. The Government filed a response and two notices of supplemental authority. ECF Nos. 180, 182, 183. For the reasons provided below, Defendant's motions will be denied.

**I.**

The United States is facing an unprecedented challenge with the novel coronavirus ("COVID-19") pandemic.

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *6 (6th Cir. Nov. 20, 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at *9. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021).

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

On September 4, 2020, Defendant requested compassionate release and the Unit Manager responded, "Noted. We do not have the authority to reduce your sentence due to your sentencing guidelines. Proceed with your request to the court." ECF No. 179 at PageID.1021. Defendant has exhausted his administrative remedies.

**B.**

The next issue is whether sentence reduction is warranted by "extraordinary and compelling reasons." Because Defendant brings this motion on his own behalf, § 1B1.13 is

- 3 -

"inapplicable," and "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *Jones*, 2020 WL 6817488, at *7. Accordingly, courts of this circuit are no longer confined to the considerations outlined in the policy commentary when determining if a defendant's request is extraordinary and compelling, such as whether an inmate suffers from a "terminal illness" or "serious physical or medical condition." U.S.S.G. § 1B1.13 cmt. n.1.

Despite the lack of express guidance, *Jones* suggests that an inmate may have an extraordinary and compelling reason for release where he suffers from a medical condition identified as a risk factor for COVID-19. *See id.* at *2 n.6 (holding that inmate's prior exposure to tuberculosis "could be considered an extraordinary and compelling reason for compassionate release" because it "put him at risk of contracting the virus" or "serious long-term health problems" if he had already contracted it). Courts considering the issue post-*Jones* have agreed. *See*, *e.g.*, *United States v. Rucker*, No. 17-20716, 2020 WL 7240900, at *2 (E.D. Mich. Dec. 9, 2020) (HIV and asthma) (citing *Jones*, 2020 WL 6817488, at *2 n.6); *United States v. White*, No. 18-20183, 2020 WL 7240904, at *3 (E.D. Mich. Dec. 9, 2020) (BMI of 45.9) (citing *Jones*, 2020 WL 6817488, at *2 n.6); *United States v. Crowe*, No. CR 11-20481, 2020 WL 7185648, at *3 (E.D. Mich. Dec. 7, 2020) (latent tuberculosis, hyperlipidemia, obesity).

More recently, the Sixth Circuit affirmed the denial of compassionate release based on a two-part test for extraordinary and compelling reasons. *See Elias*, 2021 WL 50169, at *3. Under the two-part test in *Elias*, the risk of contracting COVID-19 constitutes an extraordinary and compelling reason "(1) when the defendant is at high risk of having complications from COVID-

19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."[1] *Id.* (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020)). The Sixth Circuit also held that the district court, in evaluating the movant's medical conditions, "properly considered the CDC guidance that was in effect at the time," given that "[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions." *Id.* at *4.

Defendant expressly states that he is seeking "non-medical" compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 179. He does not mention the COVID-19 pandemic or provide his medical history. Instead, he states that "[i]n light of the First Step Act if I was sentenced today it would be far less severe the time I get." ECF No. 179 at PageID.1019 (sic throughout). He explains that "this crime was commited [sic] by my teenage self, and I am a different man now." *Id.*

The Government argues that Defendant's circumstances are not extraordinary and compelling reasons for release under 3582(c)(1)(A). ECF No. 180. Additionally, reading Defendant's motion liberally, the Government argues that Defendant does not qualify for release under § 3582(c)(2). *Id.* It admits that the First Step Act changed the rules regarding stacked sentences under 18 U.S.C. § 924(c), so that the 25 year consecutive sentence for a successive violation of § 924(c), which Defendant received, only applies after the "previous § 924(c) conviction became final." *Id.* at PageID.1032–33. However, it argues "that provision was not made retroactive to sentences imposed before the effective date of the First Step Act's amendment." *Id.*

Multiple courts in this circuit have held that Congress' amendment to § 924(c) alone is insufficient to qualify as an extraordinary and compelling reason to reduce a sentence. *United*

---

[1] Consistent with *Jones*, the court emphasized that district courts need not apply this definition but that it is within their discretion to do so. *Elias*, 2021 WL 50169, at *4 n.1.

*States v. Moor*, 2020 WL 4926601, at *7 (M.D. Tenn.) ("[T]he First Step Act amendment to § 924(c), standing alone, does not qualify as an extraordinary and compelling reason for a sentence reduction."); *United States v. Jarvis*, 2020 WL 4726455, at *3 (N.D. Ohio) ("[T]he Court holds that a disparity based on a change in sentencing law cannot serve as 'extraordinary and compelling reasons' under § 3582(c)(1)(A)."). As such, Defendant's motion fails under the § 3582(c)(1)(A) theory.

The Sixth Circuit has also held that the First Step Act's amendment to § 924(c) only applies to individuals "whose conduct predates December 21, 2018, but whose sentences had not yet been imposed (along with defendants whose conduct occurred after the First Step Act became law)." *United States v. Richardson*, 948 F.3d 733, 748 (6th Cir. 2020). Defendant was sentenced in 2013, prior to the passage of the First Step Act. As such, Defendant's argument fails under the § 3582(c)(2) theory.

Based on the foregoing, Defendant has not demonstrated an extraordinary and compelling reason for release. Consequently, this Court declines to consider whether the § 3553 factors would warrant a sentence reduction. *See United States v. Elias*, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021). Defendant's Motion for Compassionate Release will be denied.

**II.**

Accordingly, it is **ORDERED** that Defendant's Motions for Compassionate Release, ECF No. 179, 181, are **DENIED**.

Dated: January 28, 2021   s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

- 7 -

> PROOF OF SERVICE
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Moses Leroy Mitchell** #47205-039, BECKLEY FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 350, BEAVER, WV 25813 by first class U.S. mail on January 28, 2021.
>
> s/Kelly Winslow
> KELLY WINSLOW, Case Manager

- 7 -