UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 1:12-cr-20332-01

v.                                          Honorable Thomas L. Ludington
                                              United States District Judge

MOSES LEROY MITCHELL,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND DENYING MOTION TO SUPPLEMENT AS MOOT**

In 2013, Defendant Leroy Moses Mitchell was sentenced to 35 years' imprisonment for a series of five armed-bank robberies throughout Saginaw and Owosso, Michigan, during which he stole thousands of dollars at gunpoint. Having served just over ten years of his sentence, Defendant now seeks compassionate release arguing—for the second time—that Section 403 of the First Step Act is an "extraordinary and compelling reason" which, combined with his changed character, warrants a sentence reduction. For reasons explained below, Defendant's Motion for Compassionate Release will be denied.

**I.**

In 2012, Defendant Leroy Moses Mitchell was charged in an eleven-count indictment alleging his involvement in five armed-bank robberies in Saginaw and Owosso, Michigan. ECF No. 28. In December 2012, Defendant pleaded guilty to two counts of using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). ECF Nos. 70 at PageID.304.

At Defendant's May 23, 2013, sentencing hearing, Defendant sought to withdraw his guilty plea against the advice of Counsel. ECF No. 86 at PageID.447. This Court directed the Government's response. *Id.* On June 12, 2013, this Court held that Defendant had not shown a "fair and just reason" for the withdrawal of his guilty plea. ECF No. 88 at PageID.462-63 (noting Defendant did not move promptly to withdraw the plea, offered no reason as to why he did not seek to withdraw his plea earlier, and did not assert his innocence). Indeed, this Court expressly noted that Defendant "has repeatedly acknowledged" his guilt. *Id.* (noting Defendant's sentencing hearing testimony that he "made a bad decision").

Accordingly, in June 2013, Defendant was sentenced to ten years' imprisonment on the first § 924(c) count and 25 years' imprisonment on the second § 924(c) count, to run consecutively for a total of 35 years' imprisonment. ECF No. 89, PageID.467. On the first Count, Defendant was sentenced to 10 years for possessing a semiautomatic assault weapon during the robberies. 18 U.S.C. § 924(c)(B)(i). On the second Count, Defendant was sentenced to 25 years for a second or subsequent § 924(c) violation, 18 U.S.C. § 924(c)(C)(i), because, at the time of Defendant's 2013 sentence, courts could "stack" § 924(c) convictions for sentencing purposes when the same defendant was convicted on more than one count at the same time. *United States v. Brown*, No. 2:95-CR-66(2), 2024 WL 409062, at *3 (S.D. Ohio Feb. 2, 2024). Importantly, Defendant's 35-year sentence reflected the statutory mandatory minimum and agreed-upon Guidelines Range, as noted in the Parties' Rule 11 Plea Agreement. ECF No. 70 at PageID.310, 321. Defendant was also ordered to pay $47,489.57 in restitution to the banks he robbed at gunpoint. ECF No. 89 at PageID.470.

Three years after he was sentenced, Defendant filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255, ECF No. 118, which this Court denied in February 2017. ECF No. 152.

Defendant then sought compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that Section 403 of the First Step Act of 2018—which eliminated the "stacking" of simultaneous § 924(c) convictions for sentencing purposes—warranted a reduced sentence. ECF No. 179 at PageID.1019-22; ECF No. 181 at PageID.1043-46. But that motion was denied too because, at the time, binding Sixth Circuit precedent held that non-retroactive changes in the law—such as Section 403—were, categorically, not "extraordinary and compelling reasons" to warrant an inmate's compassionate release. *See* ECF No.185 at PageID.1100–03. Defendant now seeks compassionate release for a second time, arguing again that Section 403 warrants a reduced sentence. ECF No. 199.

## II.

A sentence is a final judgment, and district courts generally lack the authority to modify sentences after they are imposed. 18 U.S.C. § 3582(b)–(c). Yet, 18 U.S.C § 3582(c)(1)(A) provides an exception to this "rule of finality" prohibiting sentence modification "in limited circumstances," known broadly as "compassionate release." *United States v. Lee*, No. 18-20198, 2024 WL 1508826 (E.D. Mich. Apr. 5, 2024) (citing *United States v. Hunter*, 12 F.4th 555, 561, 569 (6th Cir. 2021)).

In assessing motions for compassionate release, courts within the Sixth Circuit proceed with a threshold question, followed by a three-tiered analysis.

As a threshold issue, reviewing courts must assess whether the defendant has "satisfied the administrative exhaustion requirement of the First Step Act." *United States v. Allison*, No. 2:21-CR-20436-TGB-EAS, 2024 WL 3012780, at *2 (E.D. Mich. June 14, 2024); *see also* 18 U.S.C. § 3582(c)(1)(A) (noting courts can review defendant-filed motions for compassionate release only once defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").

If a defendant exhausted his administrative remedies, reviewing courts proceed to assess whether the defendant has shown both (1) "extraordinary and compelling reasons" which warrant a sentence reduction and (2) that the requested reduction is "consistent with" applicable United States Sentencing Commission policy statements. *See* 18 U.S.C. § 3582(c)(1)(A). Notably, "absent 'an applicable policy statement for inmate-filed compassionate-release motions, district courts have [the] discretion to define 'extraordinary and compelling' on their own initiative.'" *Allison*, 2024 WL 3012780, at *2 (quoting *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021)). If satisfied that extraordinary and compelling reasons warrant a reduced sentence, and that a reduction is consistent with applicable policy statements, reviewing courts (3) turn to the factors promulgated in 18 U.S.C. § 3553(a) to determine whether the reduction authorized by statute is "warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010).

### III.

### A. Exhaustion

Defendant's Motion for Compassionate Release fails at the first step, because he has not shown that he exhausted his administrative remedies. Although a prisoner may move for compassionate release on their own behalf, they must first (1) exhaust all administrative remedies within the prison they are confined in; or (2) wait 30 days after requesting the warden to file a motion for compassionate release, having received no response. *United States v. Alan*, 960 F.3d 831, 833 (6th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020).

After a liberal reading of Defendant's Motion for Compassionate Release, there is no indication that Defendant sent a request for compassionate release to his warden or the BOP.[1] *See generally* ECF No. 199. Therefore, his Motion could be denied without prejudice for failure to exhaust. But, even assuming Defendant exhausted his administrative remedies, his Motion for Compassionate Release would be denied on the merits.

### B. Extraordinary & Compelling Reasons and U.S.S.G. § 1B1.13

Assuming Plaintiff exhausted his administrative remedies, the Court turns to consider whether Plaintiff has shown "extraordinary and compelling reasons" which warrant his compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020). The Court must also find that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Historically, federal courts have had significant discretion to define "extraordinary and compelling reasons" as each court sees fit. *United States v. Allison*, No. 2:21-CR-20436-TGB-EAS, 2024 WL 3012780, at *2 (E.D. Mich. June 14, 2024). But, on November 1, 2023, the United States Sentencing Commission amended its Policy Statement in U.S.S.G. § 1B1.13 and expanded its own internal interpretation and guidance on what constitutes "extraordinary and compelling reasons" to warrant sentence reduction. *Id.* The amendment provides federal courts with the following guidance:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) *may* be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the

---

[1] Notably, in Defendant's first motion for compassionate release, he indicated that he requested compassionate release from his Unit Manager and was told to "Proceed with [his] request to the court." ECF No. 179 at PageID.1021. No such exhaustion showing has been made here.

sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (emphasis added).[2]

Seizing on this amendment, Defendant argues—again—that § 403 of the First Step Act warrants his compassionate release. Specifically, Defendant argues that "extraordinary and compelling" reasons justify his compassionate release because (1) he has served at least 10 years of an "unusually long sentence" and (2) Section 403 of the 2018 First Step Act—which eliminated the "stacking" of simultaneous § 924(c) convictions—constitutes a "change in the law" which "produce[s] a gross disparity" between the sentence he received and the sentence he would have received if sentenced today. ECF No. 199 at PageID.1167–69. But Defendant has not shown that his sentence was "unusually long," nor has he shown that Section 403 of the First Step Act produces a gross disparity between his 2013 sentence and the sentence he would receive if convicted today.

---

[2] The Government argues, as a threshold issue, that the United States Sentencing Commission promulgated this amendment in excess of its Congressionally-delegated authority and in violation of the separation of powers. ECF No. 203 at PageID.1203–22. This argument has been raised in federal courts throughout the county since § 1B1.13(b)(6)'s promulgation, and courts have reached contrary conclusions. *See, e.g.*, *United States v. Spradley*, No. 1:98-CR-38-JMS-MJD-1, 2024 WL 1702873, at *5 (S.D. Ind. Apr. 18, 2024) (concluding "the Commission did not extend beyond its authority in promulgating § 1B1.13(b)(6)," expressly rejecting the argument that this amendment conflicts with or is undermined by the statuary sentencing scheme, and noting the amendment poses no separation of powers problems because "Congress itself approved [its] promulgation"); *United States v. Moore*, No. CR 14-209-2, 2024 WL 1286935, at *4 (E.D. Pa. Mar. 26, 2024) (agreeing that "the Commission enjoyed the constitutional authority granted by Congress to define extraordinary and compelling reasons" by promulgating § 1B1.13(b)(6)); *United States v. Brown*, No. 2:95-CR-66(2), 2024 WL 409062, at *4 (S.D. Ohio Feb. 2, 2024) (noting "the Commission's description of what is 'extraordinary and compelling' is binding on this Court."); *United States v. O'Neill*, No. 97-CR-98-1-JPS-JPS, 2024 WL 2369102, at *14 (E.D. Wis. May 23, 2024) (collecting cases and noting "no circuit court has expressly decided the issue"). Because Defendant's motion will be denied on the merits even if § 1B1.13(b)(6) is considered as valid policy guidance, this Court need not address the issue in this case.

Section 403 of the First Step Act "eliminated the practice of stacking § 924(c) charges in a first offense" such that a defendant convicted of two or more violations at the same time could *not* be sentenced on one violation as a "second or subsequent" offender—which carries significantly harsher sentencing penalties. *United States v. Brown*, No. 2:95-CR-66(2), 2024 WL 409062, at *3 (S.D. Ohio Feb. 2, 2024); First Step Act, Pub. L. No. 115-391, § 403, 132 Stat. 5194 (2018). Instead, if a first-time § 924(c) offender is sentenced today on multiple § 924(c) counts, each count must be treated as the offender's first § 924(c) violation for sentencing purposes. *See id.* But, importantly, Section 403 expressly "does not . . . provide retroactive relief for those who were sentenced prior to its effective date." *Brown*, 2024 WL 409062, at *3; *see also United States v. Richardson*, 948 F.3d 733, 748 (6th Cir. 2020). Accordingly, multiple courts in this Circuit have historically held that Section 403 "alone is insufficient to qualify as an extraordinary and compelling reason to reduce a sentence." *United States v. Mitchell*, No. 12-20332-01, 2021 WL 289556, at *3 (E.D. Mich. Jan. 28, 2021).

This is not news to Defendant, who has already sought compassionate release based on the argument that Section 403 constitutes an extraordinary and compelling reason. ECF No. 179 at PageID.1019. The only difference between Defendant's current Motion and his motion that was denied in 2017 is that, in the interim, the Sentencing Commission promulgated § 1B1.13(b)(6). But nothing in this Policy Statement changes the calculus as it relates to Defendant. True, § 1B1.13(b)(6) recognizes that a change in the law—even a nonretroactive change like Section 403— "*may*" be considered an extraordinary and compelling reason for compassionate release when asserted by a defendant who (1) has served at least 10 years of an "unusually long sentence," and (2) when the at-issue change in law produces a "gross sentencing disparity." *See* U.S.S.G. § 1B1.13(b)(6) (emphasis added). But neither condition precedent is present here.

A gross sentencing disparity exists when such disparity is "glaringly noticeable." *United States v. Allen*, No. 1:09-CR-320-TCB, 2024 WL 631609, at *6 (N.D. Ga. Feb. 12, 2024) (noting that "[w]hat rises to the level of a 'gross disparity' is not strictly defined."). If Defendant was sentenced today on both firearm counts, with the benefit of Section 403 of the First Step Act, he would receive a *minimum* total sentence of 20 years. *See* 18 U.S.C. § 924(c)(1)(B)(i). Compared to the 35-year sentence Defendant received in 2013, Defendant has not shown that a 15-year difference is a "gross disparity" based on the five robberies he committed while armed with a semi-automatic weapon. *See United States v. Brown*, No. 2:95-CR-66(2), 2024 WL 409062, at *4 (S.D. Ohio Feb. 2, 2024) (finding 68-year difference was a "gross disparity" such that the change in law which produced this disparity was a "extraordinary and compelling reason" to warrant defendant's compassionate release, especially when codefendants were already released). Defendant has similarly not explained how his 35-year sentence was *unusually* long, aside from repeating his argument that, if sentenced today, his sentence would be reduced. *See* ECF No. 199 at PageID.1168–69; *see also Brown*, 2024 WL 409062, at *7 (finding that a 119-year sentence was unusually long, in part because the government conceded that defendant's conviction "did not warrant a sentence of over 100 years" and because "the average federal sentence" for similar crimes was 21 years).

In sum, Defendant has not demonstrated that his 35-year sentence was unusually long, nor that a "gross disparity" exists between this sentence and the 20-year sentence he would receive today with the benefit of Section 403 of the First Step Act. Accordingly, this Court, consistent with U.S.S.G. § 1B1.13(b)(6), need not consider Section 403 as an extraordinary and compelling "change in the law" which warrants Defendant's compassionate release.

## C. §3553 Factors

Even if Defendant had shown his 35-year sentence was "unusually long," and that Section 403 of the First Step Act produces a "gross disparity" between Defendant's 2013 sentence and the sentence he would receive today, Plaintiff is still not entitled to compassionate release on a *de novo* review of the § 3553 sentencing factors.

The burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district court's initial balancing of the § 3553(a) factors ... [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction."). While this Court must consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a), it need not specifically articulate its analysis of every single § 3553(a) factor if the record as a whole demonstrates that the pertinent factors were taken into account. *United States v. Jones*, 980 F.3d 1098, 1114 (6th Cir. 2020).

The pertinent § 3553(a) factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
       . . . .
(5) any pertinent policy statement—
       . . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This Court has already sentenced Defendant after considering the § 3553(a) factors. *See* ECF No. 98. This Court's "initial balancing of the § 3553(a) factors during [Defendant's] sentencing" is presumed to "remain[] an accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951 (6th Cir. 2021). And Defendant has not demonstrated any flaw in this Court's analysis.

The serious nature of Defendant's offense can hardly be overstated. Defendant terrorized customers and employees at gunpoint during a spree of five armed-robberies in which he stole thousands of dollars from Michigan banks. *See generally* ECF No. 28. When he was initially sentenced, Defendant's Presentence Investigation Report (PSR) noted he had significant substance abuse and mental health issues, had a limited work history, and had not yet obtained a GED. PSR E-2 (sealed). Defendant does not suggest any of his personal characteristics have significantly changed since his 2013 sentence. Instead, Defendant argues that the § 3553(a) factors warrant a reduced sentence only because he is "ashamed" of his offenses, that "robb[ing] a bank is no long[er] his way of thinking," and that he has received "education and vocation training" while confined. ECF No. 199 at PageID.1175–76. This is an insufficient showing.

For starters, this Court is not convinced that Defendant is genuinely remorseful for his actions. At sentencing, Defendant suggested he was just "in the wrong place at the wrong time" and that his victims were unreasonably fearful of him. ECF No. 98 at PageID.562. Indeed, after entering his guilty plea, he sought to withdraw it, maintaining he never committed the robberies and explaining he accepted responsibility only to "tell [the Court] what it wanted to hear" and to "get this over with." ECF No. 97 at PageID.542–43.

This Court commends Defendant's efforts to educate himself—which have included obtaining his GED and enrolling in several classes while confined. *See* ECF No. 204 at PageID.1236-37 (noting Defendant took classes such as the "Scientific Wonder of Birds," a "Forklift Class," a class in "American Sign Language," and several Microsoft Office Suite courses). But these efforts are insufficient to warrant Defendant's requested 15-year sentence reduction.

Moreover, the remaining length of Defendant's sentence weighs against release. Several of the § 3553(a) factors, including the "need to provide just punishment" and "to reflect the seriousness of the offense," allow courts to consider the "amount of time" that a defendant has served on a sentence when deciding whether to grant a motion for compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) (citing *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) and 18 U.S.C. § 3553(a)(2)(A)). Here, Defendant has served just over 10 years of a 35-year sentence. Apologizing and subscribing to some educational and vocational training does not warrant Defendant's early release.

For these reasons, even if Defendant had exhausted his administrative remedies and presented sufficient extraordinary and compelling reasons to justify compassionate release, Defendant has not carried his burden to convince this Court that his § 3553(a) analysis would be different today nor that consideration of the § 3553(a) factors warrant a sentence reduction. Consequently, his Motion will be denied.

## IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 199, is **DENIED WITH PREJUDICE**.

Further, it is **ORDERED** that Defendant's Motion to Supplement, ECF No. 205, is **DENIED AS MOOT.**

- 12 -

Dated: August 6, 2024                                         s/Thomas L. Ludington
                                                              THOMAS L. LUDINGTON
                                                              United States District Judge